## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

|  |  |
|---|---|
| KYLA GORJI,<br><br>                          Plaintiff,<br><br>v.<br><br>C.R. BARD, INC., A Corporation, BARD<br>ACCESS SYSTEMS, INC., A<br>Corporation, and BECTON DICKINSON<br>AND COMPANY, A Corporation,<br><br>                          Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL** |

Defendants, C. R. Bard, Inc., Bard Access Systems, Inc., and Becton Dickinson and Company ("Defendants"), notify the Court that they have removed the above-referenced action from the District Court of Lancaster County, Nebraska to the United States District Court for the District of Nebraska. In support of this Notice, Defendants state as follows:

1.      Plaintiff, Kyla Gorji ("Plaintiff"), filed the above-entitled action in the Nebraska District Court in and for Lancaster County on June 7, 2021 ("State Court Action"). Defendants were served on June 10, 2021. Accordingly, this Notice of Removal is filed pursuant to 28 U.S.C. § 1446 within thirty (30) days of the Defendants' first receipt of the Complaint.

2.      The United States District Court for the District of Nebraska, has original jurisdiction under 28 U.S.C. § 1332, and the action may be removed by Defendants pursuant to 28 U.S.C. §§ 1441 and 1446.

3.      At the time that Plaintiff filed the Complaint in the State Court Action, and at the time of filing of this Notice of Removal, complete diversity existed between Plaintiff and Defendants pursuant to 28 U.S.C. §1332.

4.      Upon all reasonable beliefs, both at the time the Complaint was filed and at the time of removal, Plaintiff was a citizen and resident of Lincoln, Lancaster County, Nebraska, pursuant to 28 U.S.C. §1132. (Complaint, ¶ 1).

5.      Defendant C.R. Bard, Inc. ("Bard") is a New Jersey Corporation with its principal place of business located in Franklin Lakes, New Jersey.  Bard is a wholly owned subsidiary of Becton, Dickinson and Company.

6.      Defendant Becton, Dickinson and Company ("BD") is a New Jersey Corporation with its principal place of business located in Franklin Lakes, New Jersey.

7.      Defendant Bard Access Systems, Inc. ("BAS") is a Utah corporation with its principal place of business located in Salt Lake City, Utah.

8.      For diversity purposes, a corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

9.      Therefore, at the time the Complaint was filed, BD and Bard were both citizens of New Jersey, BAS was a citizen of Utah, and Plaintiff was a citizen of Nebraska, making complete diversity of citizenship as between the parties.

10.      On information and belief, the amount in controversy exceeds $75,000.00 as Plaintiff alleges that Defendants' product "has caused and will continue to cause Plaintiff physical, mental and emotional injuries and damages" in addition to medical expenses to date in the amount of $24,228.00.   (Complaint, ¶ 32).   In the Complaint, Plaintiff seeks damages against the Defendants for: "all general damages Plaintiff has suffered, including past, present and future physical pain, emotional suffering, and inconvenience;" "plaintiff's past, present and future medical and hospital expenses;" and "[f]or the costs of litigation and such other and further relief as the Court deems just."  (*Id.* at pp. 20-21).

2

11.     Attached as Exhibit "A" and incorporated by reference are true and correct copies of all pleadings and papers filed in this action in the District Court of Lancaster County, Nebraska. Defendants know of no other pleadings or papers that have been served or filed with the District Court of Lancaster County, Nebraska in this matter.

12.     Attached as Exhibit "B" is a true and correct copy of the Notice of Filing of Notice of Removal directed to the District Court of Lancaster County, Nebraska being served upon Plaintiff's counsel contemporaneously with the filing of this Notice and being filed with the Clerk of the District Court of Lancaster County, Nebraska on this date.

13.     Defendants expressly reserve all defenses to Plaintiff's claims, including, but not limited to, all defenses based in law, equity, statute, constitution, jurisdiction, or immunity, any other defense or avoidance, and does not waive any defense by this removal.

14.     Defendants request trial of this matter in Omaha, Nebraska.

WHEREFORE, in accordance with the statutory authority set forth above, Defendants hereby remove this action from the District Court of Lancaster County, Nebraska to the United States District Court for the District of Nebraska.

Dated this 8th day of July, 2021.

C. R. Bard, Inc., Bard Access Systems, Inc., and Becton Dickinson and Company, Defendants,

By:  /s/Jennifer D. Tricker
      Jennifer D. Tricker, (NE# 23022)
of   BAIRD HOLM LLP
      1700 Farnam St
      Omaha, NE  68102-2068
      Phone: 402-344-0500
      Facsimile:  402-344-0588
      jtricker@bairdholm.com

3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Vincent M. Powers, Esq.
Elizabeth A. Convaerts, Esq.
Powers Law
411 13th Street, Suite 300
Lincoln, NE  68508
vince@vpowerslaw.com
elizabeth@vpowerslaw.com
*Attorneys for Plaintiff*


/s/Jennifer D. Tricker_____

DOCS/2661040.1

Filed in Lancaster District Court
*** EFILED ***
Case Number: D02CI210002569
Transaction ID: 0013559310
Filing Date: 06/07/2021 01:31:42 PM CDT

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| KYLA GORJI, | ) | CASE NO. CI _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPAINT, PRAECIPE  AND |
| vs. | ) | AND DEMAND FOR JURY |
| | ) | |
| C.R. BARD, INC., A Corporation, BARD | ) | |
| ACCESS SYSTEMS, INC., A Corporation, | ) | |
| And BECTON, DICKINSON AND | ) | |
| COMPANY, A Corporation, | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, Kyla Gorji, by and through her attorneys Vincent M. Powers, Elizabeth Govaerts and Powers Law, and for her cause of action against the defendants, states and alleges as follows:

## THE PARTIES

1.     That at all relevant times, Kyla Gorji was a resident of Lincoln, Lancaster County, Nebraska;

2.     Defendant C.R. Bard, Inc. ("Bard") is a New Jersey Corporation with its principal place of business located in Franklin Lakes, New Jersey.  Bard is engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, supplying, selling, marketing and introducing into interstate commerce, its medical devices, including the PowerPort, and is a wholly owned subsidiary of Becton, Dickinson and Company who purchased C.R. Bard in approximately 2017;

3.     That at all relevant times, the defendant Bard Access Systems, Inc. ("BAS") is a Utah corporation with its principal place of business located in Salt Lake City, Utah.  BAS conducts business throughout the United States, including the state of

EXHIBIT
A

1

Nebraska, and is a wholly owned subsidiary of C.R. Bard and defendant Becton, Dickinson and Company who purchased C.R. Bard in approximately 2017. BAS is engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, supplying, selling, marketing and introducing into interstate commerce, its medical devices, including the PowerPort;

4. Defendant Becton, Dickinson and Company ("BD") is a New Jersey Corporation with its principal place of business located in Franklin Lakes, New Jersey. BD is engaged in the business of researching, developing, designing, licensing, manufacturing, distributing, supplying, selling, marketing and introducing into interstate commerce, its medical devices, including the PowerPort;

## JURISDICTION AND VENUE

5. Venue is proper in Lancaster County by virtue of the fact that a substantial portion of the events or omission giving rise to the claims occurred in Lincoln, Lancaster County, Nebraska, and defendants' products are produced, sold to and consumed by individuals in the state of Nebraska, thereby subjecting defendants to personal jurisdiction;

6. This court has jurisdiction over the parties pursuant to Neb. Rev. Stat. §25-536. Defendants have and continue to conduct substantial business in the state of Nebraska and distribute vascular access products in this jurisdiction, receive substantial compensation and profits from the sale of vascular access products in this jurisdiction, and made material omissions and misrepresentations and breaches of warranties in this jurisdiction so as to subject them to *in personam* jurisdiction in this court.

## THE PRODUCT

7.      The Bard PowerPort® MRI®  isp Implantable Port ("PowerPort") is one of several varieties of port/catheter systems that has been designed, manufactured, marketed, and sold by defendants.

8.      According to the defendants, the PowerPort is a totally implantable vascular access device designed to provide repeated access to the vascular system for delivery of medication, intravenous fluids, parenteral nutrition solutions, and blood products.

9.      The intended purpose of the PowerPort is to make it easier to deliver medications directly into the patient's bloodstream.  The device is surgically placed completely under the skin and left implanted.

10.      The PowerPort consists of two primary components:  an injection port and a silicone catheter.

11.      The injection port has a raised center, or "septum," where the needle is inserted for delivery of the medication.  The medication is carried from the port into the bloodstream through a small, flexible tube, called a catheter, that is inserted into a blood vessel.

12.      The PowerPort is "indicated for patient therapies requiring repeated access to the vascular system. The port system can be used for infusion of medications, I.V. fluids, parenteral nutrition solutions, blood products, and for the withdrawal of blood samples."

13.     The PowerPort is commonly used in patients with cancer and rheumatoid arthritis to facilitate the administration of chemotherapy or other long-term infused medications.

14.     At all times relevant, Defendants misrepresented the safety of the PowerPort system, and negligently designed, manufactured, prepared, compounded, assembled, processed, labeled, marketed, distributed, and sold the PowerPort system as a safe and effective device to be surgically implanted to provide repeated access to the vascular system for the delivery of medications, intravenous fluids, parenteral nutrition solutions and blood products;

15.     At all times relevant to this action, Defendants knew and had reason to know, that the PowerPort was not safe for the patients for whom they were prescribed and implanted, because once implanted, the device was prone to fracturing, migrating, perforating internal vasculature and otherwise malfunctioning.

16.     At all times relevant to this action, Defendants knew and had reason to know that patients implanted with PowerPorts had an increased risk of suffering life threatening injuries, including but not limited to: death, hemorrhage, cardiac/pericardial tamponade, cardiac arrhythmia and other symptoms similar to myocardial infarction, severe and persistent pain, and perforations of tissue, vessels and organs, or the need for additional surgeries to remove the defective device.

17.     Soon after the PowerPort was introduced to the market, Defendants began receiving large numbers of Adverse Event Reports (AERs) from healthcare providers reporting that the PowerPort was fracturing, migrating, and otherwise malfunctioning post-implantation.  Defendants also received large numbers of AERs reporting that

4

PowerPort was found to have perforated internal vasculature.  These failures were often associated with reports of patient injuries such as:

        a.      Hemorrhage;

        b.      Cardiac/pericardial tamponade;

        c.      Cardiac arrhythmia and other symptoms similar to myocardial infarction;

        d.      Severe and persistent pain; and

        e.      perforations of tissue, vessels and organs.

18.    Defendants were aware or should have been aware that the PowerPort had a substantially higher failure rate than other similar products on the market, yet the Defendants failed to warn consumers of this fact.

19.    Defendants intentionally concealed the severity of complications caused by PowerPort and the likelihood of these events occurring.

20.    Rather than alter the design of the PowerPort or to make it safer, or adequately warn physicians of the dangers associated with the PowerPort, Defendants continued to actively and aggressively market the PowerPort as safe, despite their knowledge of numerous reports of catheter fracture, migration and failure and associated injuries.

21.    The conduct of the Defendants, as alleged in this Complaint, constitutes willful, wanton, gross, and outrageous corporate conduct that demonstrates a conscious disregard for the safety of Plaintiff.  Defendants had actual knowledge of the dangers presented by the PowerPort System, yet consciously failed to act reasonably to:

    a.      Adequately Inform or warn Plaintiff, his prescribing physicians, or the public at large of these dangers;

    b.      Establish and maintain an adequate quality and post-market surveillance system to ensure the design, manufacturing and labeling deficiencies associated with the device were timely identified and corrected; or

    c.      Recall and/or retrofit the PowerPort System from the market.

### SPECIFIC FACTUAL ALLEGATIONS AS TO KYLA GORJI

22.    On or about October 1, 2019, Plaintiff underwent placement of the PowerPort ® MRI® isp port with attachable 8.0 Fr Groshong Catheter model number 1801560.  The device was implanted by Dr. Greg Fitzke.

23.    Defendants, directly or through their agents, apparent agents, servants or employees, designed, manufactured, marketed advertised, distributed and sold the PowerPort that was implanted in the Plaintiff.

24.    Due to the defective device, Plaintiff suffered damages and continues to suffer damages including, but not limited to, undergoing an unnecessary major surgery, increased risk of future severe and permanent injuries, severe emotional distress, ongoing fear of and anxiety from future injuries, including but not limited to cardiac injuries.

25.    The Defendants concealed their knowledge of the PowerPort's unreasonably dangerous risks from Plaintiff and her physicians.

26.     The defendants failed to warn Plaintiff or her physicians of the true quantitative or qualitative risk of fracture, migration or dislodgement associated with the PowerPort.

27.     Rather than alter the design of their product to make it safer, or warn physicians of the dangers associated with the PowerPort, the defendant continued their efforts to knowingly market and sell their defective product.

28.     Plaintiff's physician relied upon the representations, including the instructions for use distributed with the product implanted in the plaintiff and the product advertising to Plaintiff's detriment.

29.     The Defendants knowingly concealed the dangerous propensity of this device to fracture and migrate, necessitating surgical intervention.  Defendants further concealed their knowledge about the cause of these failures, and that the failures were known to cause serious injuries.

30.     As a result of the failure of the Defendants, and the Defendants' wrongful conduct in designing, manufacturing, and marketing this defective product, Plaintiff and Plaintiff's physician were unaware, and could not have reasonably known or have learned through reasonable diligence, that Plaintiff had been exposes to risks identified in this Complaint, and that those risks were the direct and proximate result of the Defendants' acts, omissions and misrepresentations.

31.     The Defendants failed to conduct adequate and sufficient post-marketing surveillance after they began marketing, advertising, distributing and selling the PowerPort.

32.     As a result of the Defendants' actions and inactions, Plaintiff was injured due to the use of the PowerPort, which has caused the plaintiff to incur hospital and medical expenses in the amount of $24,228.00, and has caused and will continue to cause Plaintiff physical, mental and emotional injuries and damages.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

33.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set for the herein.

34.     The Defendants owed Plaintiff a duty to exercise reasonable care when designing, manufacturing, marketing, advertising, distributing, selling and conducting post-market surveillance of the PowerPort.

35.     The Defendants failed to exercise reasonable care under the circumstances and therefore breached this duty by:

> a.     Designing and distributing a product that they knew or should have known that the likelihood and the severity of the potential harm from the product exceeded the burden of taking safety measure to reduce or avoid the harm;
>
> b.     Designing a product that was insufficient to withstand foreseeable in vivo forces and conditions without fracturing and migrating due to fatigue failure, chemical degradation, and flex failure;
>
> c.     Failing to use reasonable care to warn or instruct Plaintiff, Plaintiff's physicians, or the general health care community about

8

the product's substantially dangerous condition or about facts making the product likely to be dangerous;

d.      Failing to perform reasonable and appropriate pre- and post-marketing testing of the product to determine whether or not the product was safe for its intended use;

e.      Failing to provide adequate instructions, guidelines, and safety precautions to those persons whom it was reasonably foreseeable would prescribe, use and implant the product;

f.      Advertising, marketing and recommending the use of the product, while concealing and failing to disclose or warn of the dangers known by the defendants to be connected with and inherent in the use of the device;

g.      Representing that the product was safe for its intended use when in fact, the Defendants knew or should have known the product was not safe for its intended purpose;

h.      Continuing the manufacture and sale of the products with the knowledge that said product was dangerous and not reasonably safe, and in failing to comply with FDA regulations and policy;

i.      Failing to use reasonable and prudent care in the design, research, manufacture, and development of the product so as to avoid the risk of serious harm associated with the use of the device;

j.      Failing to establish and maintain an adequate post-market surveillance program to ensure deficiencies in the design,

manufacturing process, and labeling were timely and adequately identified and corrected;

k.    Failing to timely and adequately recall or retrofit the product; and

l.    Failing to issue any safety or warning letters to doctors correcting false marketing claims made in marketing materials or by sales representatives or providing notice of updated labeling.

36.    A reasonable manufacturer, distributor, or seller under the same or similar circumstances would not have engaged in the before-mentioned acts and omissions.

37.    As a direct and proximate result of the Defendants' actions, omissions and misrepresentations, Plaintiff has suffered, and will continue to suffer, severe physical pain and injuries, some or all of which are permanent, emotional distress and medical and hospital expenses.

WHEREFORE Plaintiff prays for an award of damages in an amount which will fairly compensate her for her hospital and medical expenses to date, and reasonably certain to be incurred in the future, her general damages, and all other relief as the Court deems just and appropriate.

## SECOND CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY – FAILURE TO WARN

38.    Plaintiff incorporates all other paragraphs in this complaints as if set forth fully herein.

39.    Defendants designed, set specifications, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed, and sold the PowerPort, including the one implanted into Plaintiff, into the stream of commerce and in

the course of same, directly advertised and marketed the device to consumers or persons responsible for consumers, and therefore had a duty to warn of the risk of harm associated with the use of the device and to provide adequate instructions on the safe and proper use of the device.

40.     At the time defendants designed, manufactured, prepared, compounded, assembled, processed, marketed labeled, distributed, and sold the device into the stream of commerce, the device was defective and presented a substantial danger to users of the product when put to its intended and reasonably anticipated use, namely as an implanted port/catheter system to administer the medications.  Defendants failed to adequately warn of the device's known or reasonably scientifically knowable dangerous propensities.

41.     Defendants knew or should have known at the time they manufactured, labeled, distributed and sold the PowerPort that was implanted into plaintiff that the PowerPort posed a significant and higher risk than other similar products of device failure and resulting serious injuries.

42.     Defendants further knew that these devices were fracturing and migrating for reasons other than "pinch-off" caused by user error.  For example, Bard knew internally long before it manufactured Plaintiff's device that these devices were fracturing due to fatigue failure, flex fatigue, and chemical degradation.  Prior to manufacturing Plaintiff's implant, defendants also knew that these devices were fracturing and migrating causing patient injuries at much higher reported failure rates than had ever been revealed to, or expected by, consumers of the product.

43.     Defendants failed to timely and reasonably warn of material facts regarding safety and efficacy of the PowerPort; neither Plaintiff's health care providers or Plaintiff would have used the device had these facts been known to them.

44.     The warnings, labels, and instructions provided by the Defendants at all times relevant to this action, are and were inaccurate, intentionally misleading, and misrepresented the risks and benefits and lack of safety and efficacy of the device.

45.     The health risks associated with the device as described herein are of such a nature that the ordinary consumer would not have readily recognized the potential harm.

46.     The device, which was designed, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed, and sold into the stream of commerce by Defendants, was defective at the time of release into the stream of commerce due to inadequate warnings, labeling and/or instructions accompanying the product.

47.     When plaintiff was implanted with the device, Defendants failed to provide adequate warnings, instructions, or labels regarding the severity and extent of the health risks posed by the device.

48.     Defendants intentionally underreported the number and nature of adverse events associated with dislodgement and migration of the devices to Plaintiff's health care providers, as well as to the FDA.  Moreover, Defendants abused the Alternative Summary Reporting (ASR) program, a controversial reporting program halted by the FDA in 2019, to ensure that consumers would not discover thousands of reported device failures and patient injuries from the product.

49.     Neither Plaintiff nor her health care providers knew of the substantial danger associated with the intended and foreseeable use of the device.

50.     Plaintiff and her health care providers used PowerPort in a normal, customary, intended, and foreseeable manner, namely as a surgically placed device used to deliver medications directly into a patient's blood stream.

51.     Upon information and belief, the defective and dangerous condition of the device, including the one implanted into Plaintiff, existed at the time it was manufactured, prepared, compounded, assembled, processed,  marketed, labeled, distributed, and sold by Defendants to distributors and/or healthcare professionals or organizations.  Upon information and belief, the device implanted in Plaintiff was in the same condition as when it was manufactured, inspected, labeled, promoted, distributed and sold by defendants.

52.     Defendants' lack of sufficient warning and/or instructions was the direct and proximate cause of Plaintiff's serious physical injuries, and economic damages in an amount to be determined at trial.  In other words, had defendants provided adequate warnings, Plaintiff and his physicians would not have used the device.

WHEREFORE, Plaintiff prays for an award of damages in an amount which will fairly compensate her for her hospital and medical expenses to date, and reasonably certain to be incurred in the future, her general damages, and all other relief as the Court deems just and appropriate.

## THIRD CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT

53.     Plaintiff incorporates all other paragraphs in this complaints as if set forth fully herein.

54.     Defendants designed, set specifications, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed, and sold the PowerPort that was implanted into plaintiff.

55.     Based on information and belief, Defendants operated under design and manufacturing specifications for the PowerPort, which included appropriate material content, strength, size, durability, appearance, resistance levels, and the devices were not to be distributed if they exhibited excessive surface damage.  The manufacturing process was intended to identify any end-product devices that did not meet Defendants' specifications, so that those devices would not be placed into the stream of commerce.

56.     Upon information and belief, the PowerPort implanted in Plaintiff contained manufacturing defects when it left Defendants' possession.  The device differed from said defendants' intended result and/or from other ostensibly identical units of the same product line.

57.     Upon information and belief, the PowerPort implanted in Plaintiff varied from its intended specifications in that the device did not have the specified material content, strength, size, durability, strength, and contained surface damage, pitting, or cracking on the exterior of the device which acted to increase the risk of fracture and migration.

58.     Plaintiff and her health care providers used the PowerPort in a way that was reasonably foreseeable to Defendants.

59.     The device's manufacturing defect was the direct and proximate cause of Plaintiff's serious physical injuries and economic damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for an award of damages in an amount which will fairly compensate her for her hospital and medical expenses to date, and reasonably certain to be incurred in the future, her general damages, and all other relief as the Court deems just and appropriate.

### FOURTH CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY – DESIGN DEFECT

60.     Plaintiff incorporates all other paragraphs in this complaints as if set forth fully herein.

61.     The PowerPort implanted in Plaintiff was defective in its design and unreasonably dangerous at the time it left the control of Defendants and entered the stream of commerce, because it failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable, and because the foreseeable risks of the device exceeds any benefits associated with its use.

62.     At the time the PowerPort implanted in the Plaintiff was manufactured, safer alternative designs were commercially, technologically, and scientifically attainable and feasible.

63.     Plaintiff and her healthcare providers used the PowerPort in a manner that was reasonably foreseeable to Defendants and in the manner it was intended to be used.

15

64.     Neither Plaintiff nor her health care providers could have by the exercise of reasonable care discovered the defective condition or perceived the unreasonable dangers with the PowerPort prior to Plaintiffs implantation with the device.

65.     Defendants are strictly liable to the plaintiff for designing, manufacturing, marketing, labeling, packaging and selling the defectively designed PowerPort implanted in Plaintiff.

66.     As a direct and proximate result of the PowerPort's aforementioned defects, the Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, emotional distress, financial or economic loss, including but not limited to medical expenses, and other damages.

WHEREFORE, Plaintiff prays for an award of damages in an amount which will fairly compensate her for her hospital and medical expenses to date, and reasonably certain to be incurred in the future, her general damages, and all other relief as the Court deems just and appropriate.

## <u>FIFTH CAUSE OF ACTION</u>

## <u>BREACH OF IMPLIED WARRANTY</u>

67.     Plaintiff incorporates all other paragraphs in this complaints as if set forth fully herein.

68.     Defendants impliedly warranted that the PowerPort was merchantable and fit for the ordinary purposes for which it was intended.

69.     When the PowerPort was implanted into plaintiff, it was being used for the ordinary purposes for which it was intended.

70.     The Plaintiff, individually and/or though her physicians, relied upon Defendants' implied warranty of merchantability in consenting to have the PowerPort implanted in her.

71.     Defendants breached these implied warranties of merchantability because the PowerPort implanted in the Plaintiff was neither merchantable nor suited for its intended use as warranted.

72.     Defendants' breaches of their implied warranties resulted in the implantation of an unreasonably dangerous and defective PowerPort in the Plaintiff's body, placing the Plaintiff's health and safety in jeopardy.

73.     The PowerPort was sold to the Plaintiff's health care providers for implantation into patients such as the Plaintiff.

74.     As a direct and proximate result of Defendants' breaches of the aforementioned implied warranties, the Plaintiff was caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, medical expenses, and other damages.

WHEREFORE, Plaintiff prays for an award of damages in an amount which will fairly compensate her for her hospital and medical expenses to date, and reasonably certain to be incurred in the future, and all other relief as the Court deems just and appropriate.

## SIXTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

75.     Plaintiff incorporates all other paragraphs in this complaints as if set forth fully herein.

17

76.     Defendants, through their officers, directors, agents, representatives, employees, written literature and packaging, and written and media advertisement, expressly warranted that the PowerPort was safe and fit for use by consumers, was of merchantable quality, did not produce dangerous side effects, and was adequately tested and fit for its intended use.

77.     The PowerPort does not conform to the Defendants' express representations because it is not reasonably safe, has numerous serious side effects, and can cause severe and permanent injury.

78.     At all times relevant, the PowerPort did not perform as safely as an ordinary consumer of the device would expect when used as intended or in a reasonably foreseeable manner.

79.     Plaintiff, her physicians, and the medical community reasonably relied upon the defendants' express warranties for the PowerPort.

80.     At all relevant times, the PowerPort was used on Plaintiff by Plaintiff's physicians for the purpose and manner intended by the Defendants.

81.     Plaintiff and Plaintiff's physicians, by the use of reasonable care, could not have discovered the breach of warranty and realized the potential danger.

82.     As a direct and proximate result of the breach of Defendants' express warranties, Plaintiff has suffered severe physical pain and injuries which are permanent and lasting in nature, emotional distress, medical expenses and other economic loss.

WHEREFORE, Plaintiff prays for an award of damages in an amount which will fairly compensate her for her hospital and medical expenses to date, and reasonably

certain to be incurred in the future, her general damages, and all other relief as the Court deems just and appropriate.

### SEVENTH CAUSE OF ACTION

### FRAUDULENT CONCEALMENT

83.     Plaintiff incorporates all other paragraphs in this Complaint as if set forth fully herein.

84.     Defendants fraudulently concealed information with respect to the PowerPort in the following particulars:

a.      Defendants represented through labeling, advertising, marketing materials, seminar presentations, publications, notice letters, and regulatory submissions that the PowerPort was safe, and fraudulently withheld and concealed information about the substantial risks of using the PowerPort;

b.      Defendants represented that the PowerPort was safer than other alternative systems and fraudulently concealed information which demonstrated that the PowerPort was not safer than alternatives available on the market;

c.      Defendants concealed that it knew these devices were fracturing and migrating from causes other that the manner in which the implanting physician implanted the device; and

d.      That the frequency of these failures and the severity of injuries were substantially worse than the defendant had reported.

19

85.     The Defendants had sole access to material facts concerning the dangers and unreasonable risks of the PowerPort.

86.     The concealment of information by the Defendants about the risks of the PowerPort was intentional, and the representations made by Defendants were known by defendants to be false.

87.     The concealment of information and the misrepresentations about the PowerPort was made by the defendants with the intent that Plaintiff's health care providers would rely on them.

88.     Plaintiff and her physicians relied upon the representations and were unaware of the substantial risks of the PowerPort which the Defendants concealed from the Public, including Plaintiff and her physicians.

89.     As a direct and proximate result of the Defendants' actions, omissions and misrepresentations, Plaintiff suffered severe physical pain and injuries which are permanent and lasting in nature, emotional distress, hospital and medical expenses and other economic loss.

90.     Had the Defendants not concealed this information, neither Plaintiff nor her health care providers would have consented to using the device.

WHEREFORE, Plaintiff prays for an award of damages in an amount which will fairly compensate her for her hospital and medical expenses to date, and reasonably certain to be incurred in the future, her general damages, and all other relief as the Court deems just and appropriate.w

## **PRAYER FOR RELIEF**

WHEREFORE, based upon the foregoing, Plaintiff prays that judgment be entered against each of the defendants as follows:

a.    For all general damages Plaintiff has suffered, including past, present and future physical pain, emotional suffering, and inconvenience;

b.    For plaintiff's past, present and future medical and hospital expenses;

c.    For the costs of litigation and such other and further relief as the Court deems just.

KYLA GORJI, PLAINTIFF


BY: /s/: *Vincent M. Powers*
VINCENT M. POWERS, #15866
ELIZABETH A. GOVAERTS, #20315
411 S. 13th Street, #300
Lincoln, NE  68508
(402) 474-8000
(402) 474-5006 facsimile
Vince@vpowerslaw.com
Elizabeth@vpowerslaw.com
Attorneys for Plaintiff


**DEMAND FOR JURY**

The plaintiff demands a trial by jury in the above-entitled action.


BY: /s/: *Vincent M. Powers*


**PRAECIPE**

TO THE CLERK OF SAID COURT:

Please issue a summons in the above captioned matter and return the same to plaintiff's attorney for service upon the defendant by certified mail as follows:

CR Bard, Inc.
CT Corporation System, Registered Agent
5601 South 59th Street
Suite C
Lincoln, NE 68516

Bard Access Systems, Inc.
CT Corporation System, Registered Agent
5601 South 59th Street
Suite C
Lincoln, NE 68516

Becton, Dickenson and Company
CT Corporation System, Registered Agent
5601 South 59th Street
Suite C
Lincoln, NE 68516

BY:  /s/:  Vincent M. Powers

Image ID:
D00623376D02

## SUMMONS

Doc. No.   623376

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln            NE 68508

Kyla Gorji v. C.R. Bard, Inc

Case ID: CI 21    2569

TO:  C.R. Bard, Inc

**FILED BY**

Clerk of the Lancaster District Court
06/07/2021

You have been sued by the following plaintiff(s):

Kyla Gorji

Plaintiff's Attorney:    Elizabeth A Govaerts
Address:                 411 S 13th St Ste 300
                         P.O. 84936
                         Lincoln, NE 68501-4936
Telephone:               (402) 474-8000

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JUNE 7, 2021      BY THE COURT:  _Troy L Hawk_
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

          C.R. Bard, Inc
          c/o CT Corporation System, Reg Agt
          5601 S 59th St, Ste C
          Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.    623376 |
|---|---|

```
            LANCASTER DISTRICT COURT
            575 S. 10th Street - 3rd Floor
            SEPARATE JUVENILE COURT-4th Floor
            Lincoln            NE 68508
```

To:
Case ID: CI 21    2569 Kyla Gorji v. CR Bard, Inc.

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons

upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                        _____

Mileage ____miles           _____

    TOTAL                 $ _____

Date: _____    BY: _____
                                    (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                    _____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____,_____.

```
To: C.R. Bard, Inc                    From: Elizabeth A Govaerts
    c/o CT Corporation System, Reg Agt       411 S 13th St Ste 300
    5601 S 59th St, Ste C                     P.O. 84936
    Lincoln, NE 68516                         Lincoln, NE 68501-4936
```

# ATTACH RETURN RECEIPT & RETURN TO COURT

```
Image ID:
D00623377D02
```

## SUMMONS

Doc. No.    623377

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln              NE 68508

Kyla Gorji v. C.R. Bard, Inc

Case ID: CI 21    2569

TO:  Bard Access Systems, Inc

**FILED BY**

Clerk of the Lancaster District Court
06/07/2021

You have been sued by the following plaintiff(s):

Kyla Gorji

```
Plaintiff's Attorney:   Elizabeth A Govaerts
Address:                411 S 13th St Ste 300
                        P.O. 84936
                        Lincoln, NE 68501-4936
Telephone:              (402) 474-8000
```

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  JUNE  7, 2021      BY THE COURT:  *Troy L Clerk*
                                                Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Bard Access Systems, Inc
        c/o CT Corporation System, Reg Agt
        5601 S 59th St, Ste C
        Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.    623377 |
|---|---|

```
            LANCASTER DISTRICT COURT
            575 S. 10th Street - 3rd Floor
            SEPARATE JUVENILE COURT-4th Floor
            Lincoln              NE 68508
To:
Case ID: CI 21    2569 Kyla Gorji v. CR Bard, Inc.
```

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                        _____

Mileage ____miles           _____

   TOTAL                   $ _____

Date: _____    BY: _____
                                            (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                        _____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

```
To: Bard Access Systems, Inc          From: Elizabeth A Govaerts
    c/o CT Corporation System, Reg Agt       411 S 13th St Ste 300
    5601 S 59th St, Ste C                     P.O. 84936
    Lincoln, NE 68516                         Lincoln, NE 68501-4936
```

# ATTACH RETURN RECEIPT & RETURN TO COURT

| Image ID:<br>D00623378D02 | **SUMMONS** | Doc. No.   623378 |
|---|---|---|

```
          IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
                  575 S. 10th Street - 3rd Floor
                  SEPARATE JUVENILE COURT-4th Floor
                  Lincoln              NE 68508
```

Kyla Gorji v. C.R. Bard, Inc

Case ID: CI 21     2569

TO:  Becton, Dickinson & Company

**FILED BY**

Clerk of the Lancaster District Court
06/07/2021

You have been sued by the following plaintiff(s):

    Kyla Gorji

| Plaintiff's Attorney: | Elizabeth A Govaerts |
|---|---|
| Address: | 411 S 13th St Ste 300 |
| | P.O. 84936 |
| | Lincoln, NE 68501-4936 |
| Telephone: | (402) 474-8000 |

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:  JUNE  7, 2021     BY THE COURT:  _Troy L. Church_
                                             Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

        Becton, Dickinson & Company
        c/o CT Corporation System, Reg Agt
        5601 S 59th St, Ste C
        Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.   623378 |
|---|---|

```
        LANCASTER DISTRICT COURT
        575 S. 10th Street - 3rd Floor
        SEPARATE JUVENILE COURT-4th Floor
        Lincoln              NE 68508
```

To:
Case ID: CI 21    2569 Kyla Gorji v. CR Bard, Inc.

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return     $ _____

Copy                   _____

Mileage ____miles      _____

   TOTAL              $ _____

Date: _____     BY: _____
                                (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____     Attorney for: _____

The return receipt for mailing to the party was signed on _____,_____.

To: Becton, Dickinson & Company        From: Elizabeth A Govaerts
    c/o CT Corporation System, Reg Agt        411 S 13th St Ste 300
    5601 S 59th St, Ste C                     P.O. 84936
    Lincoln, NE 68516                         Lincoln, NE 68501-4936

# ATTACH RETURN RECEIPT & RETURN TO COURT

CI-21-2569

| | SERVICE RETURN | | Doc. No.   623376 |
|---|---|---|---|

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln          NE 68508

To:
Case ID: CI 21    2569 Kyla Gorji v. CR Bard, Inc.

Received this Summons on _____,_____. I hereby certify that on
_____ies of the Summons

**SENDER**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.R. BARD, INC.
C/O CT CORPORATION SYS, REG AG
5601 SO 59TH STREET, SUITE C
LINCOLN, NE 68516



9590 9402 5986 0062 6075 00

2. Article Number (Transfer from service label)
7019 2970 0002 2829 8006

A. Signature
X _John Holbrook_    ☐ Agent
                     ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

JUN 1  2021

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

LANCASTER COUNTY
2021 JUN 16  PM 4: 15
CLERK OF THE
DISTRICT COURT

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail, along with Complaint
TO THE PARTY: ____C.R. BARD, INC.____

At the following address: __c/o CT CORPORATION SYSTEM, REGISTERED AGENT__

__5601 SO 59TH STREET, SUITE C__

__LINCOLN, NE  68516__

on the __8th__ day of __June__ __2021__, as required by Nebraska state law.

Postage $ __8.25__    Attorney for: __KYLA GORJI__

The return receipt for mailing to the party was signed on __June 10__, __2021__.

To: C.R. Bard, Inc
    c/o CT Corporation System, Reg Agt
    5601 S 59th St, Ste C
    Lincoln, NE 68516

From: Elizabeth A Govaerts
      411 S 13th St Ste 300
      P.O. 84936
      Lincoln, NE 68501-4936



ATTAC.   002051420D02   RETURN TO COURT

CI21-2569

## SERVICE RETURN

Doc. No.    623377

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln           NE 68508

To:
Case ID: CI 21    2569 Kyla Gorji v. CR Bard, Inc.

Received this Summons on _____,_____. I hereby certify that on
_____, _____ at _____ o'clock __M. I served copies of the Summons
upon the party:

---

**SENDER:**

■ Complete Items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

A. Signature: Josh Holbrook
X  Josh Holbrook
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

1. Article Addressed to:

BARD ACCESS SYSTEMS, INC.
C/O CT CORPORATION SYS, REG AGT
5601 SO 59TH STREET, SUITE C
LINCOLN, NE 68516

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

JUN 1  2021

9590 9402 5986 0062 6074 94

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7019 2970 0002 2829 8013

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

LANCASTER COUNTY
CLERK OF THE
DISTRICT COURT
2021 JUN 16  PM 4:16

---

## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail, including Complaint
TO THE PARTY:    BARD ACCESS SYSTEMS, INC.

At the following address:  c/o CT CORPORATION SYSTEM, REGISTERED AGENT

5601 SO 59TH STREET, SUITE C

LINCOLN, NE  68516

on the 8th day of   June        2021 , as required by Nebraska state law.

Postage $  8.25       Attorney for:   KYLA GORJI

The return receipt for mailing to the party was signed on  June 10 , 2021 .

To: Bard Access Systems, Inc          From: Elizabeth A Govaerts
    c/o CT Corporation System, Reg Agt      411 S 13th St Ste 300
    5601 S 59th St, Ste C                   P.O. 84936
    Lincoln, NE 68516                       Lincoln, NE 68501-4936



002051414D02



CI 21-2569

| SERVICE RETURN | | Doc. No.   623378 |

LANCASTER DISTRICT COURT
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln          NE 68508

To:
Case ID: CI 21    2569 Kyla Gorji v. CR Bard, Inc.

Received this Summons on _____,_____. I hereby certify that on

_____ at _____ o'clock ___M. I served copies of the Summons

**SENDER**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
BECTON DICKINSON & COMPANY
C/O CT CORPORATION SYS, REG. AGT
5601 SO 59TH STREET, SUITE C
LINCOLN, NE 68516

9590 9402 5986 0062 6074 87

2. Article Number (Transfer from service label)
7019 2970 0002 2829 8020

PS Form 3811, July 2015 PSN 7530-02-000-9053

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

LANCASTER COUNTY
2021 JUN 16  PM 4: 16
CLERK OF THE
DISTRICT COURT

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail, including Complaint
TO THE PARTY: _____ BECTON, DICKINSON & COMPANY

At the following address: c/o CT CORPORATION SYSTEM, REGISTERED AGENT

5601 SO 59TH STREET, SUITE C

LINCOLN, NE 68516

on the 8th day of June 2021, as required by Nebraska state law.

Postage $ 8.25   Attorney for: KYLA GORJI

The return receipt for mailing to the party was signed on June 10, 2021.

To: Becton, Dickinson & Company
    c/o CT Corporation System, Reg Agt
    5601 S 59th St, Ste C
    Lincoln, NE 68516

From: Elizabeth A Govaerts
      411 S 13th St Ste 300
      P.O. 84936
      Lincoln, NE 68501-4936

ATTACH   002051417D02   RETURN TO COURT

## IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

KYLA GORJI,

                                        Plaintiff,

v.

C.R. BARD, INC., A Corporation, BARD
ACCESS SYSTEMS, INC., A Corporation,
and BECTON DICKINSON AND
COMPANY, A Corporation,

                                        Defendants.

Case No. CI 21 2569

**NOTICE OF FILING NOTICE OF
REMOVAL**

Defendants, C. R. Bard, Inc., Bard Access Systems, Inc., and Becton Dickinson and Company ("Defendants"), respectfully notify this Court of their removal of this case to the United States District Court for the District of Nebraska.  Removal is based upon diversity jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446.  A true and correct copy of Defendants' Notice of Removal filed in the United States District Court for District of Nebraska is attached hereto and incorporated herein.  In accordance with 28 U.S.C. § 1446(d), no further proceedings may be had in this action unless the case is remanded.

Dated this 8th day of July, 2021.

                        C. R. Bard, Inc., Bard Access Systems, Inc., and Becton
                        Dickinson and Company, Defendants,


                        By:  /s/Jennifer D. Tricker
                              Jennifer D. Tricker, (NE# 23022)
                              BAIRD HOLM LLP
                              1700 Farnam St
                              Omaha, NE  68102-2068
                              Phone: 402-344-0500
                              Facsimile:  402-344-0588
                              jtricker@bairdholm.com

EXHIBIT

B

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the JUSTICE on-line filing system (www.nebraska.gov/courts/efile/), which sent notification of such filing to the following:

> Vincent M. Powers, Esq.
> Elizabeth A. Convaerts, Esq.
> Powers Law
> 411 13th Street, Suite 300
> Lincoln, NE 68508
> vince@vpowerslaw.com
> elizabeth@vpowerslaw.com
> *Attorneys for Plaintiff*

/s/Jennifer D. Tricker

2